UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>    v.<br><br>LUIS RUIZ,<br><br>               Defendant. | CASE NO. CR20-5002 BHS<br><br>ORDER DENYING MOTION FOR PLEA BY VIDEOCONFERENCE |

This matter comes before the Court on Defendant Luiz Ruiz's ("Ruiz") motion to appear by videoconference. Dkt. 54. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion without prejudice for the reasons stated herein.

### I. PROCEDURAL HISTORY

This case was originally scheduled for trial on March 17, 2020, but the trial date was vacated as a result of the Court's suspension of jury trials due to the COVID-19 pandemic. Dkt. 53. During the interim, the parties report that they have reached a "meeting of the minds" regarding a plea agreement. Dkt. 54 at 1; Dkt. 55 at 2. However, an in-person plea hearing and sentencing are not currently possible due to the COVID

ORDER - 1

emergency. Pursuant to General Order 08-20, the Courthouses will not be open for such proceedings until August 3, 2020. In light of that delay, Ruiz has brought a motion seeking to conduct his plea hearing by videoconference. Dkt. 54. The government opposes the request. Dkt. 55. Ruiz did not file a reply.

## II.  DISCUSSION

Ordinarily, a defendant "must be present" for his plea and sentencing. Fed. R. Civ. P. 43(a). Rule 43 provides for limited exceptions, including for some sentencing proceedings, but none of the exceptions applies to a plea. Fed. R. Civ. P. 43(c). Consequently, under ordinary circumstances, "the district court has no discretion to conduct a guilty plea hearing by videoconference, even with the defendant's permission." *United States v. Bethea*, 888 F.3d 864, 867 (7th Cir. 2018).

But these are not ordinary circumstances. Section 15002 of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") empowers Chief District Judges to authorize hearings by video or telephonic conference when: (1) such hearings "cannot be conducted in person without seriously jeopardizing public health and safety;" (2) "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice;" and (3) upon "consent of the defendant . . . after consultation with counsel." CARES Act, Pub. L. 116-136 §§ 15002(b)(2), (4). The Chief Judge of this Court has made such an authorization. General Order 04-20 (W.D. Wash. March 30, 2020). Thus, a plea hearing may be held by videoconference, but only upon a finding "for specific reasons that the

1 | plea . . . cannot be further delayed without serious harm to the interests of justice."
2 | CARES Act §15002(b)(2)(a); General Order 04-20 at 3.
3 |     Ruiz argues that he has no ties to Washington State and would like to plead guilty
4 | and be sentenced as soon as possible, so that he can begin serving his sentence in his
5 | home state of California.  Dkt. 54 at 2.  The government contends that a delay in Ruiz's
6 | return to his home state does not present the necessary "serious harm to the interests of
7 | justice."  Dkt. 55 at 4 (quoting CARES Act, §15002).
8 |     The Court agrees with the government.  The CARES Act presents a limited
9 | exception to what is ordinarily a mandatory requirement that a plea hearing be conducted
10 | in person.  Courts have been sparing in applying this exception.  Courts have granted
11 | remote hearings where the delay required for an in-person hearing would result in a
12 | defendant's detention beyond the range of applicable sentencing guidelines.  *See*, *e.g.*
13 | *United States v. Collazo*, No. CR 2:19-00120, 2020 WL 1905293, at *2 (S.D. W. Va.
14 | Apr. 17, 2020) (defendants' time served exceeded guidelines); *United States v. Bustillo-*
15 | *Sevilla*, No. 20-CR-00021-VC-1, 2020 WL 1239669 (N.D. Cal. Mar. 15, 2020) (request
16 | for time served sentence).  Where longer sentences are expected, however, courts have
17 | found that the interests of justice did not justify video-conferenced hearings.  *See, e.g.*
18 | *United States v. Emory*, CR NO. 19-00109 JAO, 2020 WL 1856454, *2 (D. Haw. Apr.
19 | 13, 2020) (interests of justice did not require expediting sentencing where defendant had
20 | served eight months but potential guidelines range was 12 to 18 months); *United States v.*
21 | *Jones*, Criminal No. 19-225 (SRN/TNL), 2020 WL 1644257, *1 (D. Minn. Apr. 2, 2020)
22 | (denying defendant's motion for remote sentencing in part because delaying sentencing

would not prejudice defendant in light of his guidelines range). Here, the government characterizes Ruiz's guideline range as "significant" and states that the parties do not contemplate a time-served sentence. Dkt. 55 at 5. Ruiz's motion does not identify circumstances that can support a finding of "serious harm to the interests of justice" as required by the CARES Act and General Order 07-20. The Court therefore denies his motion for a video-conferenced hearing without prejudice.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Ruiz's motion to appear by videoconference, Dkt. 54, is **DENIED** without prejudice.

Dated this 21st day of May, 2020.

BENJAMIN H. SETTLE
United States District Judge